IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY CO., ) <br> as subrogee of Carroll Jacobs, ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> GENERAL MOTORS, LLC ) <br> ) <br> *Defendant*. ) | Case No: |

## COMPLAINT

NOW COMES Plaintiff STATE FARM FIRE AND CASUALTY COMPANY (hereinafter "State Farm"), as subrogee of Carroll Jacobs, by and through its attorneys, GROTEFELD HOFFMANN SCHLEITER GORDON & OCHOA, LLP, complains of Defendant GENERAL MOTORS, LLC (hereinafter "GM"), as follows:

### JURISDICTION & VENUE

1. The subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1332(a)(1) as Plaintiff State Farm and Defendant GM are citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and cost.

2. Venue is proper in the Central District of Illinois, Urbana Division pursuant to 28 U.S.C. 1391(a)(2) because a substantial part of the events giving rise to Plaintiff's claims took place in Decatur, Illinois and a substantial part of the property that is the subject of this action is also located in Decatur, Illinois. Venue is also proper in the Central District of Illinois, Urbana Division pursuant to 1391(a)(1) and 1391(a)(2) because Defendant GM is subject to personal jurisdiction therein.

## PARTIES

3. Plaintiff State Farm is a corporation with its principal place of business located at One State Farm Plaza, Bloomington, Illinois 61710. At all relevant times, State Farm was engaged in the business of issuing insurance policies for homes and automobiles located throughout the United States, including Illinois.

4. At all relevant times, Carroll Jacobs and JoAnn Jacobs owned the property located at 5525 W. Main Street, Decatur, Illinois 62522 (hereinafter "the subject property").

5. At all relevant times, the subject property was rented to Dave Robinson who lived together with Carrie Carter (hereinafter "Ms. Carter").

6. At all relevant times, Plaintiff State Farm issued an insurance policy to Carroll Jacobs which provided coverage for property damage and loss of rents pertaining to the subject property.

7. At all relevant times, Ms. Carter owned a 2000 Pontiac Grand Prix bearing vehicle identification number 1G2WP52KYYF280895 (hereinafter "the Pontiac").

8. Upon information and belief, and at all relevant times, Defendant GM was engaged in the business of designing, manufacturing, distributing, and selling automobiles, including Pontiacs.

9. At all relevant times, Defendant GM had its principal place of business at 300 Renaissance Center, Detroit, Michigan 48265.

10. At all relevant times, Defendant GM distributed and/or sold its products throughout the United States, including Illinois, and maintained a registered agent for service of process in Springfield, Illinois, namely Illinois Corporation Services Co., 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

## FACTUAL ALLEGATIONS

11. In 2000, Ms. Carter's mother purchased the Pontiac for Ms. Carter in new condition, from Myles Chevrolet in Decatur, Illinois.

12. Upon information and belief, Defendant GM manufactured, designed, assembled, tested, inspected, distributed, marketed and/or sold the Pontiac.

13. At all relevant times, there was a recall from Defendant GM pertaining to this model vehicle related to an issue of engine oil leaking from a valve cover onto the exhaust manifold.

14. Neither Carrie nor her mother ever received notice from Defendant GM of the aforementioned recall.

15. On August 22, 2009, a fire occurred at the subject property (hereinafter referred to as "the fire").

16. Subsequent investigation into the origin and cause of the fire revealed it originated within the Pontiac, which was parked within the attached garage of the subject property at the time the fire occurred.

17. Further investigation established the fire was caused by oil leaking from a valve cover onto the exhaust manifold.

18. A recall was issued by GM involving the situation described in above paragraph 17.

19. The fire spread from the Pontiac to the garage and home, causing severe property damage.

20. Pursuant to the terms and conditions of the insurance policy identified in paragraph 6 of this Complaint, Carroll Jacobs submitted claims to Plaintiff State Farm seeking indemnification and reimbursement for damage to the subject property and loss of rents.

21. Pursuant to the terms and conditions of the insurance policy identified in paragraph 6 of this Complaint, and by virtue of its payments to Carroll Jacobs for damage to the subject property, Plaintiff State Farm is subrogated to all rights, claims, and causes of the action Carroll Jacobs may have against Defendant GM in connection with the fire.

## NEGLIGENCE

22. Plaintiff State Farm incorporates paragraphs 1 through 20 above as if fully set forth herein.

23. At all relevant times, Defendant GM owed a duty to exercise reasonable skill and care in designing, manufacturing, assembling, testing, inspecting, distributing, and selling the Pontiac.

24. Notwithstanding this duty, and in breach thereof, Defendant GM, by and through its employees, agents, and/or representatives, was negligent in one or more of the following ways:

   a. Defendant GM failed to properly manufacture and/or assemble the Pontiac and/or the engine;

   b. Defendant GM failed to properly design the Pontiac and/or the engine;

   c. Defendant GM failed to properly inspect the Pontiac and/or the engine before releasing the product into the stream of commerce;

   d. Defendant GM failed to properly test the Pontiac and/or the engine before releasing the product into the stream of commerce;

   e. Defendant GM failed to properly notify and/or warn Ms.Carter of known dangerous conditions that existed in the Pontiac, including but not limited to known dangerous conditions that existed in the engine;

   f. Defendant GM failed to correct and/or remedy known defects and/or known dangerous conditions within the Pontiac, including but not limited to known defects and/or dangerous conditions associated with the engine; and/or

   g. Defendant GM was otherwise careless and negligent in the design, manufacture, assembly, testing, inspection, distribution and/or sale of the Pontiac.

25. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions on the part of Defendant GM, a fire originated within the Pontiac and damaged the subject property.

26. Pursuant to the terms and conditions of the insurance policy issued to Carroll Jacobs, State Farm paid a sum of $195,729.48 to repair and/or replace fire related damage to the property and its contents, including loss of rents, caused by the incident.

WHEREFORE, Plaintiff STATE FARM FIRE AND CASUALTY COMPANY, as Subrogee of Carroll Jacobs, prays for judgment in its favor and against Defendant GENERAL MOTORS, LLC in an amount in excess of $195,729.48 including a $500 deductible plus other costs and amounts this Court deems just.

Respectfully submitted,

STATE FARM FIRE AND CASUALTY COMPANY,

By: /s/Amy L. Dvorak
One of Its attorneys

Amy L. Dvorak (IL #6282792)
GROTEFELD, HOFFMANN, SCHLEITER,
GORDON & OCHOA, LLP
311 S. Wacker Dr., Ste. 4500
Chicago, IL 60606
312.551.0200